UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
                                    :

MEDAL KNITWEAR and HEE SOON WI,    :

                    :      11 Civ. 7434 (KBF)

              Plaintiffs,   :

                    :      <u>MEMORANDUM OPINION</u>

        -v-             :            <u>& ORDER</u>

                    :

JI HOON JUNG, STAR M CO., LTD.,   :
REVOLUTION KOREA, INC. and REVOLUTION :
U.S.A., INC.,              :

                    :

             Defendants.   :

                    :
----------------------------------------X

KATHERINE B. FORREST, District Judge:

    Plaintiff Hee Soon Wi and her company, Medal Knitwear, commenced this action in New York state court in May 2011. Defendant Ji Hoon Jung ("Jung"), a professional entertainer, was provided with the summons and complaint on or about September 22, 2011 via an entity who has acted as his "managing agency." (Plaintiffs' Memorandum in Opposition at 7.) Defendant Jung properly removed this action to Federal Court pursuant to 28 U.S.C. § 1332, on October 20, 2011. There is no indication on the docket that service was attempted or effected on either of the three corporate defendants, Star M Co., Ltd., Revolution Korea, Inc., and Revolution U.S.A., Inc. None of the corporate defendants have appeared in this action and plaintiffs have not moved for a judgment of default against them. Defendant Jung

has moved to dismiss this action on the bases that service has not been properly effected on him and res judicata. Alternatively, defendant Jung moves to compel arbitration of the dispute.  For the reasons set forth below, defendant Jung's motion to dismiss this action for improper service is GRANTED. This Court therefore will not reach the remaining arguments regarding res judicata or arbitrability.

DISCUSSION

Plaintiffs have attempted to serve defendant Jung through JYP Entertainment Co. Ltd. ("JYP").  They have utilized service procedures available under both the Hague Convention in South Korea and in New York under the provisions of the C.P.L.R.  (See Plaintiffs' Memorandum in Opposition at 7; Declaration of Oscar Michelin at Exhibits B and C.)  Plaintiffs do not contend that they attempted or effected personal service upon defendant Jung himself.  The key issue is therefore whether JYP--which merged in February 2011 with J. Tune Entertainment (an entity that according to plaintiffs was at one time Jung's agent)--is a proper entity to accept process on behalf of Jung.

Plaintiffs argue that JYP has held itself out as Jung's "agent" throughout the events underlying the complaint.  Acting as an agent for one purpose does not allow or enable such agent to accept service of process.  See Stormhale Inc. v Baidu.com, Inc., 675 F. Supp. 2d 373, 375 (S.D.N.Y. 2009) ("Baidu

designated CT Corp. as its agent to receive service of process only for matters related to specific securities filings. This limited designation prevents Stormhale from properly serving Baidu through CT Corp."). There are no allegations in the complaint or in any declarations submitted in connection with this motion, that JYP was ever authorized or in fact acted as more than a manager for Jung's entertainment career. Under the C.P.L.R., there are strict writing requirements for designation of an agent to receive service of process. See N.Y. C.P.L.R. § 308(3), Rule 318; DeGroat v. Kralik, 638 N.Y.S.2d 716, 717 (N.Y. App. Div. 1996) (refusing to sustain service under Section 308(3) in absence of appointment pursuant to Rule 318).

"New York courts require strict compliance with the provisions of the C.P.L.R. to perfect service." McGann v. State of New York, 77 F.3d 672, 674 n.5 (2d Cir. 1996). Strict compliance is also required to effect service under the Hague Convention. See Gallagher v. Mazda Motor of Am., 781 F. Supp. 1079, 1081 (E.D. Pa. 1992) ("[Defendant] is entitled to insist on strict compliance with [the Hague Convention's] provisions."). Thus, even assuming that JYP or J. Tune Entertainment did at times act as an agent in the context of Jung's entertainment career, that does not equate with having actual authority to accept process on Jung's behalf.

Neither does it mean that JYP had apparent authority to accept service for Jung.  Acting as a manager for Jung's entertainment career cannot imbue JYP with the apparent authority to accept service of process on defendant's behalf. See Novak v. Nat'l Broad. Co., Inc., No. 88 Civ. 5380 (RWS), 1990 WL 16045, at *3 (S.D.N.Y. Feb. 9, 1990) (finding that the "talent agency" for the defendant did not have "any real or apparent authority to accept service of process").

Furthermore, "[n]otice received by means other than those authorized by statute does not bring a defendant within the jurisdiction of the court"--i.e., it is therefore irrelevant that Jung ultimately received a copy of the complaint as a courtesy from JYP.  Macchia v. Russo, 67 N.Y.2d 592, 595 (N.Y. 1986).

CONCLUSION

Jung has not been properly served.  Accordingly, this case must be dismissed for lack of personal jurisdiction over the only defendant whom plaintiffs have apparently even attempted to serve.  For the foregoing reasons, defendant Jung's motion to dismiss is GRANTED.  The Clerk of the Court is directed to terminate this motion at docket no. 4 and to close this matter.

SO ORDERED:

Dated:     New York, New York
           December 28, 2011


                              ____/s/ Katherine B. Forrest_____
                                  KATHERINE B. FORREST
                              United States District Judge